STATE OF NORTH CAROLINA v. KENNIE HARRELL

No. 713SC688

(Filed 15 December 1971)

Constitutional Law § 30— right to speedy trial — delay between trials in recorder's court and superior court
     A delay of almost three years between defendant's trial in the recorder's court and his trial *de novo* in the superior court did not violate his right to a speedy trial, especially where defendant was a fugitive from justice for much of the intervening time.

APPEAL by defendant from *Bowman, Special Judge,* 21 June 1971 Criminal Session of Superior Court held in CRAVEN County.

On 24 September 1968 in the Recorder's Court of Craven County defendant was convicted of three counts of assault with a deadly weapon. He received three six (6) month sentences which were to have been served concurrently. He gave notice of appeal to the superior court. After trial by jury in the superior court on 21 June 1971, he received three consecutive 18-24 month sentences. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorneys Christine A. Witcover and William Lewis Sauls for the State.*

*John H. Harmon for defendant appellant.*

VAUGHN, Judge.

Defendant, through his court-appointed counsel, brings forward two assignments of error. He first contends that the court erred in not dismissing the action for lack of a speedy trial. "The burden is on the accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the State's prosecution. The right to a speedy trial is not violated. by unavoidable delays nor by delays caused or requested by defendants." *State v. Hollars,* 266 N.C. 45, 145 S.E. 2d 309. The record discloses that for at least a substantial part of the time between his trial in recorder's court and the trial in superior court, defendant was a fugitive from justice. In fact defendant makes no contention that the State was responsible for any delay in trial from 25 May 1970 to the date of his trial on 21 June 1971. Defendant offered no evidence that he had requested an earlier trial or that he was prejudiced by the delay and, indeed, offers no argument as to how he contends he might have been prejudiced. This assignment of error is overruled.

Defendant also assigns as error the fact that he received greater punishment in the superior court than in the recorder's court. For the reasons stated in *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897, this assignment of error is overruled.

No error.

Judges BROCK and BRITT concur.